IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALIYAH KINNEY, Individually and as Parent of G.K., <br><br> Plaintiffs, <br><br> vs. <br><br> TRUE PARKWAY LLC, RBM PARTNERS LLC and PMR COMPANIES LLC, <br><br> Defendants. | CASE NO. 4:21-cv-265 <br><br><br><br> **DEFENDANT TRUE PARKWAY LLC'S NOTICE OF REMOVAL** |

Defendant True Parkway LLC ("True Parkway") hereby gives notice of the removal of this action pursuant to 28 U.S.C. § 1441 *et seq.* and Local Rule 81. Removal is in accordance with 28 U.S.C. § 1441 *et seq.*, as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a). In support of its Notice of Removal, True Parkway states as follows:

1. Plaintiffs, Aliyah Kinney, Individually and as Parent of G.K., commenced a civil action on July 22, 2021, captioned *Aliyah Kinney, Individually and as Parent of G.K., Plaintiffs, vs. True Parkway LLC, RBM Partners LLC and PMR Companies LLC, Defendants*, in the Iowa District Court for Polk County, Case No. LACL151107 (the "State Court Action"). The lawsuit arises out of a claim of personal injuries Plaintiff and her then-unborn child allegedly sustained on November 4, 2019, at a West Des Moines, Iowa apartment complex, which was owned at all relevant times by True Parkway and managed by Defendants RBM Partners LLC and/or PMR Companies LLC.

2. True Parkway has reviewed the state court's docket and determined that the following attached process and pleadings have been filed:

- Petition at Law
- Jury Demand
- Civil Original Notices
- Affidavit of Service on True Parkway
- Return of Original Notice on PMR Companies LLC
- Return of Original Notice on RBM Partners, LLC
- Return of Service on Subpoena on the City of West Des Moines

3. Plaintiff served True Parkway with copies of Plaintiff's Original Notice, Petition, and Jury Demand by serving True Parkway's Registered Agent on August 6, 2021. In accordance with 28 U.S.C. § 1446(b), True Parkway timely filed this Notice of Removal within 30 days of its receipt of Plaintiff's Petition.

4. In the State Court Action, as set forth in the Petition, Plaintiff claims that Defendants were negligent, violated Iowa Code chapter 562A, and breached the implied warranty of habitability.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

   **a. Complete diversity exists**. The following statements were true on <u>both</u> the date that Plaintiff filed her Petition (July 22, 2021) and the date that True Parkway filed its Notice of Removal (September 3, 2021):

   1. Plaintiffs are citizens of the State of Iowa (Plaintiffs' Petition ¶ 1).

   2. Defendant True Parkway LLC is a Delaware LLC with its home office in Illinois and its sole member is FREP Midwest LLC., a Delaware LLC with its home office in Illinois. FREP Midwest's members are MOLAGERS MO, LLC, a Missouri LLC and F.R.E.P. II LP FUND a Delaware Limited Partnership with its home office in Illinois. The General Partner in F.R.E.P. II LP FUND is Fireside Financial II LLC, a Delaware LLC with its home office in Illinois. The limited

        partners of F.R.E.P. II LP FUND are Fireside Financial II LLC a Delaware LLC with its home office in Illinois and MOLAGERS a Missouri corporation. Fireside Financial II LLC is a Delaware LLC with its home office in Illinois. The sole member of Fireside Financial II LLC is Fireside Consolidated LLC a Delaware LLC with its home office in Illinois. The members of Fireside Consolidated LLC are AGM Trust, MJB (Trustee) an Illinois Trust and Bailey Dynasty KLB (Trustee) an Illinois Trust.

3. Defendant RBM Partners LLC members are AGM Trust MJB (Trustee) an Illinois Trust; Bailey Dynasty KLB (Trustee) an Illinois Trust; AMB Trust AMB (Trustee) an Illinois Trust Trust; Angela Hickey Hart, a Missouri resident; and Milton D. Rothschild II, a Missouri resident.

4. Defendant PMR Companies LLC's sole member, Deborah Charlton, is a resident of Louisville, Kentucky.

    **b.** **All Defendants consent to removal.** True Parkway has spoken with representatives for RBM Partners LLC and PMR Companies LLC, who have given their consent to removal.

    **c.** **The amount in controversy exceeds $75,000.00.** Based on the content of Plaintiff's Petition, True Parkway believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. True Parkway may satisfy its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of compensatory damages is not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F. Supp. 2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)) (noting that where the Plaintiff does not allege a specific amount

in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00).

The amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008), *abrogated on other grounds by CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 838 (8th Cir. 2013); *see also Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiffs will seek from a jury.

Plaintiffs will seek an amount greater than $75,000.00 in this case. First, Plaintiff Aliyah Kinney seeks damages from Defendants for the following: past medical expenses, future medical expenses, past medical expenses of her minor daughter, future medical expenses of her daughter until she becomes an adult, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full function of the mind and body, future loss of full function of the mind and body, lost wages, loss of future earning capacity, loss of consortium, companionship, support, and services, attorney fees, and other miscellaneous expenses. (Plaintiffs' Petition ¶ 70). Plaintiff G.K. additionally seeks damages from Defendants for the following: future medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full function of the mind and body, future loss of full function of the mind and body, loss of future earning capacity, loss of consortium, companionship, support and services, attorney fees, and other miscellaneous expenses. (Plaintiffs' Petition ¶ 71).

Plaintiffs also request punitive damages. (Plaintiffs' Petition ¶¶ 70–71). "Punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes." *Varboncoeur v. State Farm Fire & Cas. Co.*, 356 F. Supp. 2d 935, 949 (S.D. Iowa 2005); *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction"). Although True Parkway denies that its conduct warrants punitive damages, punitive damages may be recoverable in negligence actions. *See, e.g.*, *Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 395 (Iowa 2010) (discussing when punitive damages are available). Punitive damages may be many multiples of compensatory damages awarded. Therefore, when compiling all Plaintiff's claims against Defendants, the amount in controversy exceeds $75,000.00.

True Parkway reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, Defendant True Parkway LLC hereby removes the State Court Action pending as Case No. LACL151107 in the Iowa District Court for Polk County to this Honorable Court.

Respectfully submitted,

**LEDERER WESTON CRAIG PLC.**

/s/ *Kent A. Gummert*
Kent A. Gummert  AT0003032
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Telephone:  515-224-3911
Facsimile:  515-224-2698
E-mail:  kgummert@lwclawyers.com

**ATTORNEYS FOR DEFENDANT TRUE PARKWAY LLC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury that on the date indicated below, a true copy of the foregoing instrument was served upon all parties in interest by e-filing:

Andrew Heiting-Doane
LaMARCA LAW GROUP, PC
1820 NW 118th Street, Suite 200
Des Moines, Iowa  50325
Phone:  (515)225-2600
Fax:  (515)225-8581
E-mail:  andy@lamarcalawgoup.com
**ATTORNEYS FOR PLAINTIFF**

I certify under penalty of perjury that the foregoing is true and correct.  Executed, September 3, 2021, in West Des Moines, Iowa.


By  /s/ Kent A. Gummert
Kent A. Gummert