UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ALIYAH KINNEY, INDIVIDUALLY AND AS PARENT OF G.K., <br><br> Plaintiffs, <br><br> v. <br><br> TRUE PARKWAY LLC, RBM PARTNERS LLC, PMR COMPANIES LLC, and SELDIN LLC, <br><br> Defendants. | CIVIL NO. 4:21-cv-00265-SBJ <br><br><br> **AMENDED COMPLAINT** <br> **(Jury Trial Requested)** |

**COME NOW** the Plaintiffs, Aliyah Kinney, individually and as parent of G.K., and for their causes of action against the Defendants, True Parkway LLC, RBM Partners LLC, PMR Companies LLC, and Seldin LLC, state the following.

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff Aliyah Kinney was a resident of Polk County, Iowa at all times relevant to this case.

2. Plaintiff G.K. was a resident of Polk County, Iowa at all times relevant to this case.

3. Plaintiff G.K. is a minor.

4. Plaintiff Aliyah Kinney is the mother of Plaintiff G.K.

5. Defendant True Parkway LLC was an Iowa limited liability company doing business in Polk County, Iowa at all times relevant to this case.

6. Defendant RBM Partners LLC was a Missouri limited liability company doing business in Polk County, Iowa at all times relevant to this case.

959334

7. Defendant PMR Companies LLC was a Kentucky limited liability company doing business in Polk County, Iowa at all times relevant to this case.

8. Defendant Seldin LLC was a Nebraska limited liability company doing business in Polk County, Iowa at all times relevant to this case.

9. The acts and omissions giving rise to Plaintiffs' causes of action occurred in Polk County, Iowa.

10. The damages sustained by Plaintiffs exceed the jurisdictional amount of small claims court.

## OPERATIVE FACTS

11. Beginning in October 2018, Plaintiff Aliyah Kinney lived at 5100 EP True Parkway, unit #202, West Des Moines, Iowa 50265.  She shared the apartment with her mother, non-party Beverly Kinney.

12. Plaintiff's apartment was part of the Wellington Apartments complex.

13. At all times relevant to this case, Plaintiff's apartment building was owned by Defendant True Parkway LLC (hereinafter called "True Parkway").

14. At all times relevant to this case, Defendant True Parkway had control over the parts of the premises that impacted water intrusion and the damage caused by water intrusion.

15. Defendant True Parkway is listed on the apartment lease agreement as the owner of the apartment.

16. For the period of time from July 30, 2014 through November 1, 2017, the property manager of this apartment was Defendant Seldin LLC (hereinafter called "Seldin").

17. During the period of time when Defendant Seldin was the property manager, Defendant Seldin had control over the parts of the premises that impacted water intrusion and the damage caused by water intrusion.

18. For the period of time from November 1, 2017 through approximately July 25, 2019, the property manager of this apartment was Defendant PMR Companies LLC (hereinafter called "PMR").

19. During the period of time when Defendant PMR was the property manager, Defendant PMR had control over the parts of the premises that impacted water intrusion and the damage caused by water intrusion.

20. After approximately July 26, 2019, the property manager of this apartment was Defendant RBM Partners LLC (hereinafter called "RBM").

21. During the period of time when Defendant RBM was the property manager, Defendant RBM had control over the parts of the premises that impacted water intrusion and the damage caused by water intrusion.

22. As of November 4, 2019, Plaintiff Aliyah Kinney was pregnant.

23. As of November 4, 2019, Plaintiff Aliyah Kinney was more than five weeks away from her due date.

24. Aliyah and baby G.K. were not scheduled to be delivered prior to her estimated delivery date (due date) of December 10, 2019.

25. There was nothing about Aliyah's medical history or the history of her pregnancy with G.K. that suggested a C-section would be necessary. She was a candidate for a trial of labor delivery.

26. On November 4, 2019, Plaintiff Aliyah Kinney was walking through the apartment unit.

27. Suddenly and without warning, the apartment floor collapsed under Aliyah.

28. Aliyah fell as the floor collapsed beneath her.

29. Aliyah was able to stop herself from falling down into her downstairs neighbor's apartment. However, in the fall, she suffered a terrible blow to her abdomen.

30. Aliyah was immediately worried for baby G.K..

31. Early on the morning of November 5, 2019, Aliyah practiced "Count the Kicks," just as she had been doing every day.

32. Aliyah did not feel baby G.K. kick.

33. Aliyah was terrified, and went to the emergency room.

34. Aliyah was placed on fetal monitoring.

35. Fetal monitoring was non-reassuring to the emergency obstetricians attending to her.

36. The physicians ordered a follow-up biophysical profile.

37. The biophysical profile was also non-reassuring to the emergency obstetricians attending to Aliyah.

38. An emergency C-section was ordered.

39. Baby G.K. was born by emergency C-section on November 5, 2019, more than one month before her due date.

40. Baby G.K.'s premature birth by C-section was caused by her mother Aliyah falling through the apartment floor.

41. G.K. was immediately admitted to the neonatal intensive care unit (NICU) of the hospital.

42. G.K. required mechanical breathing assistance, a warmer, and a feeding tube for weeks while hospitalized in the NICU.

43. As a result of the fall and the resulting premature birth, Plaintiff G.K. suffers from serious, permanent disabilities including feeding, breathing, and orthopaedic problems.

### COUNT I—NEGLIGENCE
### ALL DEFENDANTS

44. Plaintiffs reallege paragraphs 1–43 as if fully set forth herein.

45. Each Defendant owed Plaintiffs a duty of reasonable care regarding the apartment.

46. Each Defendant had a duty to make all repairs and do whatever is necessary to put and keep the apartment in a fit and habitable condition.

47. Each Defendant knew or should have known of the water intrusion that had occurred and continued to occur in the apartment building.

48. Each Defendant knew or should have known that prior and ongoing water intrusion could weaken building materials and cause injury.

49. Each Defendant knew or should have known that the apartment was not safe.

50. Each Defendant knew or should have known that the apartment involved an unreasonable risk of injury to Plaintiffs.

51. Each Defendant knew or should have known that Plaintiffs would not discover the dangerous condition of the apartment, that Plaintiffs would not realize the condition

of the apartment presented an unreasonable risk of injury, and/or that Plaintiffs would not protect themselves from the dangerous condition of the apartment.

52. Each Defendant was negligent in one or more of the following ways:

   a. Failing to provide a reasonably safe apartment to the Plaintiffs;

   b. Failing to maintain the premises;

   c. Failing to prevent water intrusion;

   d. Failing to inspect the premises;

   e. Failing to recognize water intrusion and the damage caused by water intrusion;

   f. Failing to act on actual knowledge of water intrusion;

   g. Failing to mitigate the damage caused by water intrusion;

   h. Failing to disclose information about the dangers presented by prior and ongoing water intrusion;

   i. Failing to warn Plaintiffs of the dangers presented by prior and ongoing water intrusion;

   j. Failing to comply with the requirements of applicable building and housing codes materially affecting safety;

   k. Failing to make repairs and do what is necessary to put and keep the premises in a fit and habitable condition; and

   l. Failing to act as a reasonable landlord, owner, or apartment property manager under the circumstances.

53. The negligence of the Defendants caused Plaintiffs' damages.

54. The damages suffered by Plaintiffs were within the scope of the Defendants' liability.

55. The Defendant's conduct constituted a willful and wanton disregard for the rights and safety of Plaintiffs.

### COUNT II—VIOLATION OF IOWA CODE CHAPTER 562A
### ALL DEFENDANTS

56. Plaintiffs reallege paragraphs 1–55 as if fully set forth herein.

57. Each Defendant had a duty to comply with the requirements of applicable building and housing codes materially affecting health and safety.

58. Each Defendant had a duty to make all repairs and do whatever is necessary to put and keep the apartment in a fit and habitable condition.

59. Each Defendant violated the requirements of Iowa Code Chapter 562A in one or more of the following ways:

    a. Failing to provide a reasonably safe apartment to the Plaintiffs;

    b. Failing to maintain the premises;

    c. Failing to prevent water intrusion;

    d. Failing to inspect the premises;

    e. Failing to recognize water intrusion and the damage caused by water intrusion;

    f. Failing to act on actual knowledge of water intrusion;

    g. Failing to mitigate the damage caused by water intrusion;

    h. Failing to disclose information about the dangers presented by prior and ongoing water intrusion;

    i. Failing to warn Plaintiffs of the dangers presented by prior and ongoing water intrusion;

    j. Failing to comply with the requirements of applicable building and housing codes materially affecting safety;

    k. Failing to make repairs and do what is necessary to put and keep the premises in a fit and habitable condition; and

    l. Failing to act as a reasonable landlord, owner, or apartment property manager under the circumstances.

60. These violations by the Defendants caused Plaintiffs' damages.

61. The Defendants' conduct was willful.

### COUNT III—BREACH OF IMPLIED WARRANTY OF HABITABILITY
### ALL DEFENDANTS

62. Plaintiffs reallege paragraphs 1–61 as if fully set forth herein.

63. At the outset of the lease with Plaintiffs, Defendant True Parkway impliedly warranted that there were no latent defects in the apartment, that it was fit for use as a residence, and that these essential features would remain during the entire time that Plaintiffs resided in the unit.

64. As property managers, Defendants Seldin, PMR, and RBM made the same implied warranty of habitability.

65. There were latent defects in the apartment unit related to water intrusion and weakened materials.

66. The Defendants each knew or should have known of the latent defects.

67. An inspection that would have discovered the severity of the water intrusion problems was warranted.

68. Defendants did not properly and timely inspect the apartment unit.

69. The apartment unit was not safe, not sanitary, and it was unfit for habitation.

70. The apartment unit being unsafe and unfit for habitation caused Plaintiffs' damages.

71. The damages suffered by Plaintiffs were within the scope of the Defendants' liability.

## **DAMAGES**

72. As a result of the negligence, breaches, violations, and failures of the Defendants, Plaintiff Aliyah Kinney suffered injuries and incurred damages as follows:

   a) Past medical expenses;

   b) Future medical expenses;

   c) Past medical expenses of her minor daughter;

   d) Future medical expenses of her daughter until she becomes an adult;

   e) Past physical and mental pain and suffering;

   f) Future physical and mental pain and suffering;

   g) Past loss of full function of the mind and body;

   h) Future loss of full function of the mind and body;

   i) Lost wages;

   j) Loss of future earning capacity;

   k) Loss of consortium, companionship, support, and services;

   l) Punitive damages;

   m) Attorney fees; and

n) Other miscellaneous expenses.

73. As a result of the negligence, breaches, violations, and failures of the Defendants, Plaintiff G.K. suffered injuries and incurred damages as follows:

a) Future medical expenses;

b) Past physical and mental pain and suffering;

c) Future physical and mental pain and suffering;

d) Past loss of full function of the mind and body;

e) Future loss of full function of the mind and body;

f) Loss of future earning capacity;

g) Loss of consortium, companionship, support, and services;

h) Punitive damages;

i) Attorney fees; and

j) Other miscellaneous expenses.

**WHEREFORE,** Plaintiffs, Aliyah Kinney, individually and as parent of G.K., respectfully request a judgment against Defendants, Seldin LLC, True Parkway LLC, RBM Partners LLC, and PMR Companies LLC, for the injuries and damages they have sustained, together with interest and costs, all as provided by law, and for any other relief to which they are entitled.

### **REQUEST FOR A JURY TRIAL**

Plaintiffs hereby request a jury trial of all issues so triable in this action.

Respectfully submitted,

By: <u>*/s/Andrew Heiting-Doane*</u>
Andrew Heiting-Doane AT0009394
LaMARCA LAW GROUP, P.C.
1820 N.W. 118th Street, Suite 200
Des Moines, Iowa 50325
Telephone: 515-225-2600
Facsimile: 515-225-8581
E-mail:     andy@lamarcalawgroup.com
ATTORNEY FOR PLAINTIFFS